MIDDLECAMP *v.* CHARLEVOIX COUNTY ROAD COMMISSION

Highways—Maintenance—Falling Tree—Type of Action—Negligence.

> The plaintiff's claim for injuries sustained when a tree fell on him because employees of defendants county and county road commission had partially severed the tree was confined to an action for defendants' breach of duty to maintain the highway reasonably safe and convenient for public travel; the plaintiff was not entitled to base his claim on the defendants' negligent operation of a motor vehicle, even though the tree-cutters had used a motor vehicle, because the act complained of was not the operation of the maintenance vehicle, but the faulty maintenance of the road (MCLA § 224.21).

Appeal from Charlevoix, Charles L. Brown, J. Submitted Division 3 January 7, 1971, at Grand Rapids. (Docket No. 8122.) Decided January 26, 1971.

Complaint by Marvin Middlecamp against the Charlevoix County Road Commission and Charlevoix County for injuries sustained when struck by a falling tree. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*White, Spaniola, Knudsen & Stariha,* for plaintiff.

*Clare L. Gillette,* for defendant Charlevoix County Road Commission.

REFERENCES FOR POINTS IN HEADNOTE

39 Am Jur 2d, Highways, Streets, and Bridges § 460.
Liability for injury due to condition of trees in or overhanging highway. 19 ALR 1021.

· *Harvey C. Varnum,* for defendant Charlevoix County.

Before: HOLBROOK, P. J., and McGREGOR and T. M. BURNS, JJ.

PER CURIAM. Plaintiff was injured in Charlevoix County when his automobile was struck by a falling tree along the highway. It appears that prior to the accident one of the defendants had been operating a "brush cutter" along the highway and had partially severed the tree, which later fell, injuring the plaintiff.

Originally, plaintiff charged negligence in the maintenance of the highway, but later amended his complaint to charge negligence in the operation of a motor vehicle. Defendants were awarded a summary judgment on January 31, 1969, on the grounds that the facts of the case brought plaintiff's complaint within the language of MCLA § 224.21 (Stat Ann 1958 Rev § 9.121), with which plaintiff failed to comply by not providing defendants with notice within 60 days.

Plaintiff attempted to state his case to fall within the statute which provides for governmental liability upon the negligent operation of a motor vehicle. His intent was to avoid the 60-day notice requirement provided upon claims of negligence in the maintenance of a highway.

There is some question as to the constitutionality of the statute under which plaintiff attempted to state his claim, PA 1964, No 170 (MCLA § 69.1401 *et seq.* [Stat Ann 1969 Rev § 3.996(101) *et seq.*]). In *Maki v. City of East Tawas* (1969), 18 Mich App 109, *leave to appeal granted* (1970), 383 Mich 766, this Court ruled that § 7 of that statute was unconstitutional, but did not rule as to the severability of

that section. However, regardless of whether the plaintiff tried to tailor the facts of his case to fit another statute or the common law, we find that he cannot avoid the intent and plain language of MCLA § 224.21 (Stat Ann 1958 Rev § 9.121), and thus cannot avoid the 60-day notice requirement.

In the instant case the only legitimate claim of the plaintiff is that one of the defendants breached its duty to maintain the highway "reasonably safe and convenient for public travel", the remedy for which is to sue pursuant to MCLA § 224.21 (Stat Ann 1958 Rev § 9.121). There was no breach of a duty of defendants toward the plaintiff not to be negligent in the operation of their vehicle. The act complained of was not defendants' operation of a vehicle. Rather, the complaint is based on the condition of the tree which fell causing plaintiff's injuries, which condition constituted a breach of defendants' duty to maintain a safe highway.

It should be noted that virtually all highway maintenance is carried out by utilizing motor vehicles. To allow plaintiff's complaint here would effectively circumvent MCLA § 224.21 (Stat Ann 1958 Rev § 9.121).

The order granting defendants' motion for a summary judgment is hereby affirmed. Costs to defendants.